UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:13-CR-5-H

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.

DION RAY HOPPER                                                                         DEFENDANTS
RONALD LEE HARPER a.k.a. "TWIN"
JASON WENDELL LEWIS a.k.a. "CRICKET"

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Ronald Lee Harper's motions (1) to sever defendants and (2) to revoke the Magistrate Judge's March 4, 2013 detention order. The Court will deny both motions for the reasons stated below.

Mr. Harper moves to sever defendants because his co-defendant Mr. Hopper has made a statement to law enforcement incriminating Mr. Harper. However, the United States has stated that it does not plan to introduce this statement at trial. For this reason, the Court will deny Mr. Harper's motion. The Court will reconsider this issue should the United States seek to introduce this statement in the future.

Mr. Harper also moves to revoke the Magistrate Judge's March 4, 2013 detention order. The Court reviews the order de novo.[1] Mr. Harper was charged with conspiracy to possess with the intent to distribute five kilograms or more of cocaine, which is subject to a statutory presumption in favor of detention; namely, that "no condition or combination of conditions will

---

[1] 18 U.S.C. § 3145 does not set out the standard of review for a Magistrate Judge's detention order, and the Sixth Circuit has not spoken directly on this issue. However, district courts in the Sixth Circuit have applied the *de novo* standard of review, and the Sixth Circuit has not disturbed this procedure. *See United States v. Hazime,* 762 F.2d 34, 36−37 (6th Cir. 1985); *see, e.g., United States v. Watkins*, CRIM.A. 13-02-KSF, 2013 WL 614252 (E.D. Ky. Feb. 19, 2013); *United States v. Yamini,* 91 F.Supp.2d 1125 (S.D. Ohio 2000); *United States v. Williams,* 948 F. Supp. 692 (E.D. Mich. 1996).

reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e). Mr. Harper bears a limited burden of production to rebut this presumption, and the U.S. must then show by clear and convincing evidence that Mr. Harper is dangerous. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010). The Court granted Mr. Harper's motion for a second detention hearing and heard evidence on December 2, 2013. The Court now concludes that the United States has carried its burden.

This case involves charges of conspiracy to possess and distribute large amounts of cocaine, totaling nearly $800,000. Mr. Harper has previous drug convictions, including a 2002 conviction for cocaine possession. In addition, law enforcement found a firearm at Mr. Harper's residence, suggesting that he was a felon unlawfully in possession of a firearm. Given the nature of this case, Mr. Harper's prior convictions, and Mr. Harper's unlawful possession of a firearm, the Court will deny Mr. Harper's motion to revoke the Magistrate Judge's detention order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Harper's motion to sever defendants is DENIED at this time.

IT IS FURTHER ORDERED that Defendant Harper's motion to revoke the Magistrate Judge's detention order is DENIED.

cc:  Counsel of Record
      United States Probation